UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR09-219-RAJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | SUMMARY REPORT OF U.S. |
| | ) | MAGISTRATE JUDGE AS TO |
| NIKOS DELANO DORSEY, | ) | ALLEGED VIOLATIONS |
| | ) | OF SUPERVISED RELEASE |
| Defendant. | ) | |
| | ) | |

An evidentiary hearing on supervised release revocation in this case was scheduled before me on April 10, 2012. The United States was represented by AUSA Kate Vaughn and the defendant by Jay Stansell. The proceedings were digitally recorded.

Defendant had been sentenced on or about March 30, 2004 by the Honorable James K. Singleton in the District of Alaska on charges of Possession of Cocaine Base with Intent to Distribute, Possession of a Firearm During and in Relation to and in Furtherance of a Drug Trafficking Crime, and Possession of a Firearm in a School Zone. The sentence was 98 months custody, consisting of 37 months on Count 1, one month on Count 3 consecutive to

Count 1, and 60 months on Count 2 consecutive to Counts 1 and 3. (Dkt. 3 at 24.) Supervised release of six years, five years, and 1 year concurrently was also imposed.

The conditions of supervised release included the standard conditions plus the requirements that defendant submit to mandatory drug testing, participate in a substance abuse program, participate in mental health treatment, submit to search, and not possess a firearm, destructive device, or other weapon. An amended judgment was entered on November 22, 2005 (Dkt. 3 at 33) changing the sentence to 79 months custody (18 months on Count 1, 60 months on Count 2 and 1 month on Count 3, consecutively), plus 6 years supervised release. The case was transferred to this District on July 2, 2009. (Dkt. 3 at 3.)

On October 21, 2009, defendant's probation officer reported that defendant had violated the conditions of supervised release by leaving the District without permission. No action was taken at the time. (Dkt. 4.) On November 2, 2010, defendant's probation officer reported defendant tested positive for cocaine. He was placed in a structured testing program, reprimanded, and referred for professional assessment. No further action was taken at the time. (Dkt. 5.)

On January 6, 2011, defendant admitted violating the conditions of supervised release by using cocaine, failing to notify his probation officer within 72 hours of being arrested, failing to participate in a substance abuse evaluation, and failing to report for substance use testing. (Dkt. 11.) Defendant was sentenced to time served. (Dkt. 16.) Additional conditions of supervised release were added, requiring defendant to abstain from alcohol, not enter any establishment where alcohol is the primary commodity for sale, and provide his probation

officer with access to financial information upon request. (*Id.* at 5.)

On August 4, 2011, defendant admitted violating the conditions of supervised release by using cocaine, failing to report for urinalysis testing, and consuming alcohol. (Dkt. 24.) While the matter was pending disposition, defendant's probation officer filed a report alleging defendant used cocaine on September 9, 2011. (Dkt. 26.) He was found to have committed the additional violation on September 30, 2011. (Dkt. 35.) Defendant was sentenced to 60 days in custody, three years supervised release. (Dkt. 40.) An additional condition of release was the requirement that defendant reside in and satisfactorily complete a residential reentry center program for up to 60 days. (*Id.* at 4.)

In an application dated March 12, 2012 (Dkt. 41, 42), U.S. Probation Officer Angela M. McGlynn alleged the following violations of the conditions of supervised release:

1. Failing to reside in and satisfactorily participate in a residential reentry center program for up to 60 days as of December 19, 2011, in violation of the special condition that requires the defendant to reside in and satisfactorily participate in a residential reentry center program for up to 60 days or until discharged by the Program Manager with the approval of the U.S. Probation Officer.

2. Failing to report for urinalysis testing as directed on or about March 1, 2012, in violation of the special condition that required the defendant to report for testing as directed. (The government moved to dismiss an allegation that a similar failure to report had occurred on December 29, 2011.)

3. Using cocaine on or about March 5, 2012, in violation of standard condition No. 7.

4. Consuming alcohol on or about March 10, 2012, in violation of the special condition that prohibits the defendant from drinking alcohol.

Defendant denied the allegations and an evidentiary hearing was conducted.

As to alleged violation 1, I find that a preponderance of the evidence establishes that the defendant violated the conditions of supervised release by failing to satisfactorily complete the residential reentry program by being terminated from the program on December 19, 2011. Plaintiff's Exhibit 1 shows multiple incident reports filed by RRC staff consisting of violations such as failing to complete cleaning detail chores, playing loud music and using profanity when the radio was confiscated, being late returning to the RRC, and possessing a secondary cell phone. Defendant was admitted to the RRC on November 28, 2011 and terminated from the program on December 19, 2011.

As to alleged violation 2, I find that a preponderance of the evidence establishes that defendant violated the conditions of supervised release by failing to report for urinalysis testing as directed on or about March 1, 2012. Defendant admitted that he failed to report for testing because of a conflict with his work schedule. However, defendant did not call his probation officer to report the difficulty or attempt to reschedule.

As to alleged violation 3, I find that a preponderance of the evidence establishes that

defendant violated the conditions of supervised release by testing positive for cocaine on March 5, 2012. (Plaintiff's Exhibit 3.)

As to alleged violation 4, I find that a preponderance of the evidence does not establish the violation. Although the report from the Seattle Police Department (Plaintiff's Exhibit 2) establishes that defendant was found lying in the door of a hallway on March 10, 2012 at about 1611 hours, seeming to be lost and confused, with watery and bloodshot eyes, unable to form words, and without shoes, the evidence does not specifically establish that defendant had consumed alcohol or was intoxicated from the consumption of alcohol.

I therefore recommend the Court find defendant violated his supervised release as alleged in violations 1, 2, and 3, and that the Court conduct a hearing limited to the issue of disposition. I recommend that violation 4 be dismissed. The next hearing will be set before Judge Jones.

Pending a final determination by the Court, defendant has been detained.

DATED this 10<u>th</u> day of April, 2012.

Mary Alice Theiler
United States Magistrate Judge

cc: District Judge: Honorable Richard A. Jones
AUSA: Kate Vaughn
Defendant's attorney: Jay Stansell
Probation officer: Angela McGlynn

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -5