UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. CR09-219-RAJ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | SUMMARY REPORT OF U.S. |
| NIKOS DELANO DORSEY, ) | MAGISTRATE JUDGE AS TO |
| ) | ALLEGED VIOLATIONS |
| Defendant. ) | OF SUPERVISED RELEASE |
| ) | |

An initial hearing on supervised release revocation in this case was scheduled before me on October 4, 2012. The United States was represented by AUSA Matt Pittman for Kate Vaughan and the defendant by Chris Kerkering for Jay Stansell. The proceedings were digitally recorded.

Defendant had been sentenced on or about March 24, 2004 by the Honorable James K. Singleton on a charge of Possession of Cocaine Base with Intent to Distribute, Possession of a Firearm, and Possession of a Firearm in a School Zone, and sentenced to 98 months custody, years supervised release.

The conditions of supervised release included the standard conditions plus the

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -1

requirements that defendant participate in substance abuse and testing, participate in a mental health program, submit to search, and not possess a dangerous weapon or firearm. (Dkt. 3 at 24-27.)  The judgment was amended on November 29, 2005 to impose a sentence of 79 months in custody, 6 years supervised release, on the same conditions. (Dkt. 3 at 33-37.)

The case was transferred to this Court for supervision on July 2, 2009. (Dkt. 3 at 2.)

Defendant's probation officer reported on October 21, 2009 that defendant had left the district without permission on or about October 3, 2009.  It being defendant's first violation, he was given a verbal reprimand and no further action was taken at the time. (Dkt. 4.) On November 2, 2010, defendant's probation officer reported that defendant had tested positive for cocaine.  Defendant was reprimanded and placed in a structured testing program, and referred for professional assessment.  No further action was taken at the time. (Dkt. 5.)

On January 6, 2011, defendant admitted violating the conditions of supervised release by using cocaine, failing to notify his probation officer within 72 hours of contact with law enforcement, failing to participate in substance abuse evaluation, and failing to participate in substance abuse testing.  He was found to have committed an additional violation of committing the crime of Driving Under the Influence on or about October 31, 2010. (Dkt. 11.) Defendant was sentenced to time served, 71 months supervised release, with the previous conditions of supervision plus the additional requirement of submitting financial information as requested to his probation officer. (Dkt. 16.)

On August 4, 2011, defendant admitted violating the conditions of supervision by using cocaine, failing to report for urinalysis testing, and consuming alcohol. (Dkt. 24.) Prior to the disposition hearing on these violations, defendant's probation officer reported that defendant

violated an additional condition of supervision by using cocaine on or before September 9, 2011. (Dkt. 26, 27.)  A bench warrant was issued.  Defendant was arrested and found to have committed the alleged violation on September 30, 2011. (Dkt. 35.)   Defendant was sentenced to 60 days, 3 years supervised release. (Dkt. 40.) He was also ordered to successfully complete a residential reentry center placement for up to 60 days.

On April 10, 2012, defendant was found to have violated the conditions of supervision by failing to successfully complete the residential reentry center placement, failing to report for urinalysis testing, and using cocaine. (Dkt. 50.) Defendant was sentenced to 90 days in custody, one year supervised release. (Dkt. 55.)

In an application dated September 24, 2012 (Dkt. 56, 57), U.S. Probation Officer Jennifer Van Flandern alleged the following violations of the conditions of supervised release:

1.   Failing to notify his probation officer within ten days of a change of residence, on or about September 1, 2012, in violation of standard condition number 6.

2.   Failing to participate in chemical dependency treatment as directed by probation since September 12, 2012, in violation of his special condition of supervised release.

3.   Failing to report to the probation office on September 19, 2012, in violation of standard condition number 2.

Defendant was advised in full as to those charges and as to his constitutional rights.

Defendant admitted violation 1 and waived any evidentiary hearing as to whether it occurred. Defendant denied violations 2 and 3 and requested an evidentiary hearing before Judge Jones.

I therefore recommend the Court find defendant violated his supervised release as

alleged in violation 1, and that the Court conduct a hearing limited to the issue of disposition on that violation and an evidentiary hearing on alleged violations 2 and 3. The next hearing will be set before Judge Jones.

Pending a final determination by the Court, defendant has been detained.

DATED this <u>4th</u> day of October, 2012.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

cc: District Judge: Honorable Richard A. Jones
AUSA: Matt Pittman, Kate Vaughan
Defendant's attorney: Chris Kerkering, Jay Stansell
Probation officer: Jennifer Van Flandern

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -4